UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OHAD LYPNIK, <br>       *Plaintiff*, <br> V. <br> ENGLANDER TRANSPORTATION, INC., <br>       *Defendant.* | § § § § § § § | NO:   5:19-cv-00748 <br><br> *Jury Trial Requested* |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ohad Lypnik files this Original Complaint against Defendant Englander Transportation, Inc. Specifically, Plaintiff submits the following:

### PARTIES

1. Plaintiff Ohad Lypnik ("Lypnik") is citizen of the state of Texas who currently resides in Dallas County, Dallas, Texas.

2. Defendant Englander Transportation, Inc., ("Englander") is a Virginia limited liability company, with its principal place of business located at 1814 Hollins Road NE, Roanoke, Virginia. Englander may be served via its registered agent, Richard Carl Bumgarner, 2824 Hollins Road NE, Roanoke, Virginia, 24012.

### VENUE AND JURISDICTION

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) because this suit involves a controversy between parties of diverse citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to §1391 because a substantial part of the events giving rise Lypnik's claims occurred within this District and have caused harm to Lypnik in this District.

### FACTS APPLICABLE TO ALL CLAIMS

5. This case exposes the danger and damage that results when big-rig, eighteen wheelers fail to abide by applicable traffic laws and the standard of care that applies to the owners and operators of those vehicles.

201395.1

6.      Shortly after midnight on March 27, 2019, Lypnik was driving a commercial vehicle for non-party Cactus Fuel LLC.[1]  Lypnik had driven commercial vehicles for a living for several years.  Due to his hard work, Lypnik made more than $130,000 in 2018.

7.      Without warning and before Lypnik could take any evasive action, his vehicle was rear-ended at high-speed by a vehicle owned and operated by Englander.  Englander's drivers were cited for causing the March 27, 2019, collision.  More specifically, a citation for failure to control speed was issued.

8.      At the time of the collision, and based on the applicable police report, there were two individuals in the Englander vehicle: Kevin Dale Torrence; and Keith Wayne Neiderhiser.  Allegedly, the former was driving the vehicle while the latter was asleep in a bed located in the vehicle's cabin.  Interestingly, though, it appears the license information provided by Mr. Torrence is for a different individual also named Kevin Torrence.

9.      It is also worth noting, following the incident, Lypnik was advised by a police officer who responded to the collision, that the dash-cam installed on the Englander had been moved such that it would not record what occurred in the cabin in the time leading up to the collision.

10.     Based on the speed of the Englander vehicle, the March 27, 2019, collision was incredibly severe.  In addition to rendering Lypnik unconscious, the "kingpin" of Lypnik's vehicle, which is used to connect a trailer to the truck, was severely damaged.  The following pictures, which depict the Englander vehicle and the trailer Lypnik was hauling, respectively, reflect the force of the collision:

---

[1] For completeness, Cactus Fuel, LLC, was purchased by non-party Pilot Thomas Logistics.





11.     Not surprisingly, Lypnik was rushed to the hospital from the scene of the collision for treatment of his injuries.  Lypnik continues treatment to this day.

12.     In addition to pain, suffering, and mental anguish (for which Lypnik is receiving treatment), he will likely undergo two surgeries in the near future.

13.     Sadly, Lypnik was advised he cannot continue driving commercial vehicles for a living.  This is because, even post-surgery, he will be unable to endure the lower back strain, impact, and pain attendant to driving long hours.

14.     In short, Lypnik's life will never be the same.

## CAUSES OF ACTION

### *Negligence*

15. Lypnik incorporates by reference, and for all purposes, all previous paragraphs into this section.

16. At all relevant times, Kevin Dale Torrence; and Keith Wayne Neiderhiser, were acting within the course and scope of their employment for Englander. Alternatively, Englander negligently entrusted their vehicle to these individuals, who were also acting as Englander's agents at the time of the incident giving rise to this lawsuit.

17. Englander owed Lypnik a legal duty of care to act reasonably and with ordinary care as outline above. Further, Englander's conduct, via the doctrines of respondeat superior and agency, constitutes negligence *per se* because the individual(s) operating the vehicle that struck Lypnik were acting within the course and scope of their employment at the time the incident giving rise to this suit occurred.

18. Englander breached its legal duty of care to Lypnik by failing to act with ordinary care as outline above.

19. The breach of the duty of care by Englander has caused Lypnik's injuries as outlined above.

20. Lypnik has suffered damages as a result of Englander's conduct.

### *Negligence Per Se*

21. Lypnik incorporates by reference, and for all purposes, all previous paragraphs into this section.

22. At all relevant times, Kevin Dale Torrence; and Keith Wayne Neiderhiser, were acting within the course and scope of their employment for Englander. Alternatively, Englander negligently entrusted their vehicle to these individuals, who were also acting as Englander's agents at the time of the incident giving rise to this lawsuit.

23. Englander's conduct, via the doctrines of respondeat superior and agency, constitutes negligence *per se* because it violated the following Texas statutory provisions:

26. Section 545.351(b)(2) of the *Texas Transportation Code*, which requires that an operator control their speed to avoid colliding with another vehicle.

27. Section 545.352 of the *Texas Transportation Code*, which provides a speed in excess of posted speed limit is *prima facie* evidence the speed is not reasonable and prudent.

*Gross Negligence*

27. Lypnik incorporates by reference, and for all purposes, all previous paragraphs into this section.

28. Englander's conduct involved an extreme degree of risk, considering the probability and magnitude of harm to others. Nonetheless, Englander consciously disregarded this risk, which caused Lypnik substantial damages and injuries.

## JURY DEMAND

29. Pursuant to *Federal Rule of Civil Procedure* 38(b), Lypnik demands a trial by jury of all claims presented in this Complaint.

## DAMAGES & PRAYER

30. Based on the foregoing, Plaintiff Ohad Lypnik respectfully requests the Court cite Defendant Englander Transportation, Inc., to appear and answer this lawsuit. Lypnik also requests, upon trial in this matter, the Court enter judgment allowing recovery of all damages allowed by law, including:

   a. Past and future medical expenses;
   b. Compensation for past and future pain, mental anguish, and emotional distress;
   c. Past and future lost earnings;
   d. Exemplary damages;
   e. Pre- and post-judgment interest at the highest rates allowed by law; and
   f. Costs of Court.

Plaintiff Ohad Lypnik respectfully requests all other relief to which he may be entitled.

Respectfully submitted,

AMBLERLAW, PLLC
511 N. Lincoln Avenue
Odessa, Texas  79761
P: 432.203.0303 | F: 888.692.3331

By: *Rachel Ambler*
Rachel Ambler
State Bar No. 24081954
*Rachel@RachelAmbler.com*
**Attorneys for Plaintiff**